UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JIN YUN ZHENG,

                       **Plaintiff,**                      **MEMORANDUM AND ORDER**

        -against-                               13-CV-60 (ILG)

**GOOD FORTUNE SUPERMARKET
GROUP (USA), INC., et al.,**

                       **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Jin Yun Zheng ("Ms. Zheng" or "plaintiff") brings this purported collective action against Good Fortune Supermarket Group (USA), Inc., Good Fortune Supermarket, Inc., Good Fortune Supermarket of Elmhurst, Inc., Great Wall Supermarket of NY Inc., and Sailu Pan (collectively, "defendants"). Ms. Zheng has alleged violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201–219, and New York Labor Law. She now moves for court-supervised notice to putative collective action members, pursuant to 29 U.S.C. § 216(b),[1] and for an order for disclosure of records concerning potential collective action members. For the reasons detailed in this opinion, the Court denies both the application for court-supervised notice and the discovery request.[2]

---

[1] Plaintiff's complaint also includes class action allegations under Rule 23 of the Federal Rules of Civil Procedure, Complaint (Jan. 4, 2013) ("Compl.") ¶¶ 17–24, Electronic Case Filing Docket Entry ("DE") #1, but plaintiff has not sought Rule 23 class certification. See Memorandum of Law in Support of Plaintiff's Motion for Collective Certification (June 24, 2013) ("Pl. Mem.") at 5 n.1, DE #19.

[2] Although not raised as an issue by the parties, the Court notes that a magistrate judge has the authority to order the relief sought in this motion and need not issue a Report and

(continued...)

## BACKGROUND

Plaintiff sued defendants to recover unpaid wages under the FLSA and New York Labor Law. Pl. Mem. at 5–6. Plaintiff alleges that, between December 2007 and July 16, 2012, she earned these wages as a clerk at a supermarket located at 77-00 Queens Boulevard in Elmhurst (the "Elmhurst Store"), now purportedly operated under the name "Good Fortune Supermarket" by Good Fortune Supermarket Group (USA), Inc., Good Fortune Supermarket, Inc., and Good Fortune Supermarket of Elmhurst, Inc. (collectively, the "Good Fortune defendants"). See id. at 6–7.[3]

Plaintiff alleges that defendants failed to pay her regular and overtime wages based on a policy of time shaving. Id. at 5, 7. Plaintiff additionally asserts that supermarket clerks at two other Good Fortune Supermarket branches,[4] located at 42-76 Main Street in Flushing (the "Flushing Store") and 6722 Fort Hamilton Parkway in Brooklyn (the "Brooklyn Store"), were subject to the same time-shaving policy. Id. at 6–7.

On June 24, 2013, plaintiff filed the instant motion, seeking court-supervised notice of

---

(...continued)
Recommendation. See 28 U.S.C. § 636(b)(1)(A) (permitting "a magistrate judge to hear and determine any pretrial matter pending before the court," with exceptions including "a motion . . . to permit maintenance of a class action"); Patton v. Thomson Corp., 364 F.Supp.2d 263, 265–66 (E.D.N.Y. 2005) (holding that a magistrate judge may order conditional certification and class notice under FLSA, and distinguishing a motion for class certification under Rule 23).

[3] The Elmhurst Store purportedly operated under the name "Great Wall Supermarket of Elmhurst" until November 2011, when it assumed the name "Good Fortune Supermarket." See Pl. Mem. at 6–7.

[4] Plaintiff alleges common ownership of the three Good Fortune locations, citing joint advertising on shopping bags and a website. See Pl. Mem. at 7; Ex. A to Pl. Mem., DE #20.

this action to supermarket clerks who were employed at the three Good Fortune Supermarket locations at any time during the preceding six years. Id. at 5, 7. In addition, plaintiff requests disclosure of the names, titles, compensation rates, and contact information of potential collective action members. Id. at 5–6, 13–14.

In support of her motion, plaintiff augments her pleadings with her own declaration, see id. at 13, which was filed in both English and Chinese, see Declaration of Jin Yung Zheng (June 12, 2013) ("Zheng Decl."), DE #22. Plaintiff confirms her employment at the Elmhurst Store from December 2007 to approximately July 16, 2012, id. ¶ 1, and identifies the crux of her FLSA claim: i.e., that she "was provided 30 minutes of lunch break," but that "[d]efendants deducted one hour per day for lunch break [sic] due to [d]efendants' time shaving policy."[5] Id. ¶ 3. Because plaintiff worked more than 40 hours per week, see id. ¶ 2, this time-shaving practice is alleged to have deprived plaintiff of overtime pay for the daily thirty-minute period of off-the-clock work, id. ¶ 4. Furthermore, plaintiff contends that "[d]efendants failed to provide [her] with proper paystubs that accurately reflected [her] hours worked and other information required under law." Id. ¶ 5. Finally, "[d]efendants failed to provide [plaintiff] with proper written notice of [her] regular pay rate, [her] overtime-hourly rate, the hours that [she] worked and other information required under law." Id. ¶ 6.

Plaintiff contends that she and clerks at the three Good Fortune Supermarkets are similarly situated and are victims of a "common policy or plan that violated the law." Pl. Mem. at 8. In support of her allegation of a common policy, plaintiff claims that she

---

[5] Plaintiff's complaint contains substantially similar allegations. See Compl. ¶ 28.

3

"observed that other supermarket clerks did work that was the same or similar to the work [she] did." Zheng Decl. ¶ 1.  According to plaintiff, other (unidentified) clerks "were similarly compensated and worked similar schedules." Id. ¶ 2.  Plaintiff contends that "other supermarket clerks were subject to the same time shaving policy[,]" id. ¶ 3, and that she somehow "observed that the time worked by employees was not accurately reflected by the [d]efendants' time keeping system due to time shaving with respect to all supermarket clerks, including" plaintiff. Id.

Plaintiff's declaration makes similar allegations concerning practices at other Good Fortune Supermarket locations.  Ms. Zheng "was informed by other supermarket clerks who had worked at other 'Good Fortune' supermarkets that they suffered the same illegal policies," id., including deprivation of overtime pay, id. ¶ 4.  Plaintiff "observed and heard through coworkers that it was [d]efendants' policy to not provide proper paystubs to supermarket clerks with the required accurate information at the 'Good Fortune' supermarkets operated by [d]efendants." Id. ¶ 5.  Finally, plaintiff states that she "observed and heard through coworkers that it was defendants' policy to not provide proper written wage notice to all supermarket clerks at the 'Good Fortune' supermarkets operated by [d]efendants." Id. ¶ 6.

In moving for conditional certification, plaintiff contends that her single declaration and complaint provide a sufficient evidentiary basis for the Court to conditionally certify plaintiff's FLSA claims as a collective action under 29 U.S.C. § 216(b).  See Reply Memorandum of Law in Support of Plaintiff's Motion for Conditional Collective Certification (July 31, 2013) ("Pl. Reply") at 2, DE #33.  Alternatively, plaintiff argues that if the Court is not inclined to grant conditional certification on the record before it, the Court should delay its decision until

4

the Good Fortune defendants "have produced discovery responses concerning [d]efendants' similarly situated employees." Id. Citing email exchanges between plaintiff's and the Good Fortune defendants' attorneys, plaintiff complains that the "lack of documentary support" for her motion was "caused by [d]efendants' own actions," in that "[d]efendants have continuously delayed providing responses and documents answering [p]laintiff's discovery requests, which . . . were due on July 8, 2013." Id. at 4; Ex. A to Pl. Reply, DE #33-1; Ex. B to Pl. Reply, DE #33-2. Plaintiff therefore requests that, rather than deny her motion, the Court refrain from ruling on the motion at this time. Pl. Reply at 4–5.

In opposing plaintiff's motion for court-supervised notice, the Good Fortune defendants argue that the Court should deny the motion because of the "incredibly frail foundation" on which plaintiff relies, "juxtaposed against" the Good Fortune defendants' evidentiary submissions disputing plaintiff's factual allegations. Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Collective Certification and for Court Facilitation of Notice Pursuant to 29 U.S.C. § 216(b) (July 17, 2013) ("Def. Mem.") at 2, DE #29. They characterize plaintiff's declaration as containing only "vague, conclusory and unsubstantiated claims," and as providing "zero details regarding the other employees [plaintiff] claims to have observed." Id. at 4. "Ms. Zheng makes no effort to detail the precise mechanisms by which she observed any other clerk being injured." Id.

In disputing plaintiff's allegations, the Good Fortune defendants submit plaintiff's payroll records, along with twenty-eight substantially similar declarations from clerks and managers currently employed at the Elmhurst Store. Def. Mem. at 5; Fellow Clerk Declarations, DE #29-1. A representative exemplar is the declaration of Shenquan Qu, who

5

claims to have been plaintiff's supervisor at the Elmhurst Store.  Declaration of Shenquan Qu ("Qu Decl.") ¶¶ 1, 3.[6]  Qu declares that Good Fortune Supermarket's policy is to provide at least 60 minutes of meal breaks per work day, id. ¶ 4; that plaintiff was always afforded the full 60 minutes of meal-break time during Qu's supervision, id. ¶ 5; that Qu never observed plaintiff take less than 60 minutes of meal-break time on a work day, id. ¶ 8; and that he frequently observed plaintiff taking more than the 60 minutes of meal-break time allotted to her, id. ¶ 9.  The payroll records submitted by the Good Fortune defendants indicate that one hour for meal breaks was subtracted from plaintiff's reported work time for each work day.  Ex. 1 to Def. Mem., DE #29-2.  On the basis of their supporting declarations and payroll records, the Good Fortune defendants argue that "both plaintiff and her former co-workers were paid for each and every minute they worked[,]" and that "[n]o time was shaved and no wages here illegally retained."  Def. Mem. at 5.

     Plaintiff counters that the Court should ignore the Good Fortune defendants' declarations in deciding her motion.  Pl. Reply at 1.  First, plaintiff argues that these declarations raise factual disputes that are irrelevant in a motion for conditional certification.  Id.  Second, plaintiff argues that the employees of the Good Fortune defendants "may have signed [the declarations] out of fear of being fired or retaliated [sic] if they refused to do so."  Id.  Finally, plaintiff argues that the declarants may not have understood what they were signing, since (1) the Good Fortune defendants submitted no evidence that the Chinese declarants were provided with Chinese translations; (2) some declarants signed their

---

[6]  All twenty-eight declarations are filed under DE #29–1.

declarations in Chinese; and (3) other declarants signed their names with their surnames first, as is customary in Chinese, rather than with their surnames last, as in customary in English. Id. at 5-6.

## DISCUSSION

### I.  STANDARDS FOR CONDITIONAL CERTIFICATION

FLSA claims may be pursued collectively pursuant to 29 U.S.C. § 216(b), which provides that an action to recover unpaid wages:

> may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  Courts have discretion under this section to direct a defendant employer to disclose the names and addresses of similarly situated potential plaintiffs and to authorize the sending of notice to those individuals, so that they may "opt in" to the collective action. Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989)).  Once a plaintiff opts in to a collective action by filing notice with the court, the statute of limitations on that plaintiff's FLSA claim is tolled.  See Levy v. Verizon Info. Servs., Inc., No. 06–CV–1583, 2007 WL 1747104, at *3 (E.D.N.Y. June 11, 2007) (citing Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 260 (S.D.N.Y. 1997)).

District courts employ a two-step process in determining whether a matter should proceed as a collective action.  See Myers, 624 F.3d at 554–55.  "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be

'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occured." Id. at 555. At this stage, the court does not prejudge the merits of the plaintiff's claim, provided the plaintiff has made a colorable claim for relief. See Laroque v. Domino's Pizza, LLC, 557 F.Supp.2d 346, 354 (E.D.N.Y. 2008). Rather, the court looks to pleadings and affidavits to determine whether the putative class members are "similarly situated." Id. at 352 (citing Jacobs v. New York Foundling Hosp., 483 F.Supp.2d 251, 265 (E.D.N.Y. 2007)). "If the plaintiffs can satisfy a minimal burden of showing that they are similarly situated to the potential class members, the court certifies the class and provides for notice to be sent to the potential class members who are then given the chance to opt in to the action." Id. After discovery, defendants may move for decertification. See id. At this second stage, the court determines, on a fuller record, whether the plaintiffs who have opted in are, in fact, "similarly situated" to the named plaintiffs. Myers, 624 F.3d at 555. If the record reveals that they are not, the action may be decertified and the opt-in plaintiffs' claims dismissed without prejudice. Id.

Neither the FLSA nor its implementing regulations define the term "similarly situated." At the notice stage, however, courts in the Second Circuit apply a lenient standard, requiring only a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." Id. (quoting Sbarro, 982 F.Supp. at 261). The court must find "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims" of particular illegal practices. Sbarro, 982 F.Supp. at 261 (quoting Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)); see also Laroque, 557 F.Supp.2d at 352 ("Generally, at the notice stage, courts require

8

nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.") (quoting Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001)). Plaintiffs must make a *factual* showing; "[m]ere allegations in the complaint are not sufficient[.]" Laroque, 557 F.Supp.2d at 353 (quoting Prizmic v. Armour, Inc., No. 05–CV–2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006)).

## II.     PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

The Court now considers whether plaintiff has made the requisite "modest factual showing" that she and fellow clerks at the three Good Fortune Supermarket locations were "victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555. Consistent with other case law from the Eastern District of New York, the Court concludes that plaintiff has failed to meet this lenient standard.

Plaintiff's submissions include insufficient evidence of a common policy or plan subjecting Good Fortune Supermarket clerks to time shaving during meal breaks. Although plaintiff states that "[she] observed that the time worked by employees was not accurately reflected by the defendants' time keeping system due to time shaving," Zheng Decl. ¶ 3, she neither identifies these employees nor explains the basis for her observations. Instead, plaintiff merely restates her conclusory factual allegations in a variety of forms. For example, plaintiff states that, "[b]ased on [her] personal observation, other supermarket clerks were subject to the same time shaving policy." Id. Plaintiff also asserts that other Good Fortune Supermarket clerks informed her "that they suffered the same illegal policies," id. ¶¶ 3-4, but she does not identify a single fellow employee who so informed her. Nor does plaintiff identify a source for her contentions that defendants failed to provide her coworkers with proper pay stubs or other

9

written notice of wages. See id. ¶¶ 5–6.[7] In sum, as the Good Fortune defendants correctly observe, plaintiff has made "no effort to detail the precise mechanisms by which she observed any other clerk being injured." Def. Mem. at 4. This failure is fatal to plaintiff's motion.

Plaintiff's foundation for conditional certification in this case is at least as weak as those in several other cases from this District, in which courts denied conditional certification as to one or more work locations. In Lujan v. Cabana Management, Inc., No. 10-CV-755, 2011 WL 317984, at *7 (E.D.N.Y. Feb. 1, 2011), this Court denied court-assisted notice to prospective collective action plaintiffs at a restaurant chain's Florida locations where the plaintiffs had submitted no first-hand evidence of FLSA violations at these locations. The evidence concerning these locations consisted of (1) the plaintiff's conversations with two employees, identified only by their first names, during which these workers reportedly told the plaintiff that the same violations allegedly occurring at restaurant locations in New York were also occurring in Florida; and (2) the affidavit of a would-be plaintiff reporting statements of an unnamed friend to the effect that violations identical to those in New York were happening in Florida. Id. Ms. Zheng's declaration, meanwhile, offers nothing more than anonymous hearsay statements that other employees suffered from the same time-shaving policy as did she. See Zheng Decl. ¶¶ 3–6.

Plaintiff's showing is also weaker than the one ruled insufficient in Laroque. In that case, the plaintiffs sought certification of a collective action encompassing five Brooklyn

---

[7] Had plaintiff feared that identifying other employees by name might lead to retaliation against those employees, she could have limited her evidence to that relating to former employees and/or sought permission to file that evidence under seal, with access restricted to the Court and counsel only.

pizzerias. 557 F.Supp.2d at 355. Four workers from one location in Coney Island submitted affidavits detailing similar FLSA violations, and the court sustained a class of similarly situated workers at that location, notwithstanding slight variations in the allegations. Id. at 352–53. With respect to the other locations, however, the Laroque plaintiffs supplied only (1) three hearsay statements claiming that managers modified time records at those locations, and (2) one time-barred former employee's "generalized allegations of wrongdoing" at several of the chain's pizzerias. Id. at 355–56. Citing the "thin factual support" proffered as to those locations, the court refused to order certification. Id. at 356. In Laroque, at least, the plaintiffs supplied specific hearsay: three reports of modified time records, including two by managers and one by a former employee. See id. at 355. Ms. Zheng, in contrast, has given this Court far less: she claims that other employees have been subject to time-shaving, but she does not identify a single employee who purportedly suffered from or knew of such a practice or policy. This Court cannot conclude that plaintiff is similarly situated to other Good Fortune Supermarket clerks on the basis of the conclusory and unsubstantiated statements in her declaration and complaint. See Myers, 624 F.3d at 555 ("The 'modest factual showing' [under section 216(b)] cannot be satisfied simply by 'unsupported assertions[.]'") (citation omitted).

Plaintiff cites a number of decisions for the proposition that courts have accepted a single declaration as a sufficient basis for conditional certification, see Pl. Mem. at 11; Pl. Reply at 2–3. None of these decisions compels the Court to view plaintiff's factual showing as sufficient. In Iriarte v. Redwood Deli and Catering, Inc., No. CV-07-5062, 2008 WL 2622929, at *1–3 (E.D.N.Y. June 30, 2008), the court indeed granted conditional certification on a record in some respects similar to the one now before the Court. As here, the plaintiff in

11

Iriarte relied on a statement in his affidavit that he observed other employees not receiving proper wages for the time they worked. See id. at *2. But the Iriarte plaintiff proffered something more: the defendant's discovery responses conceding the employer's failure to keep records of the time worked by and wages paid to the plaintiff or any of its employees. Id. at *2–3. Hence, Iriarte is distinguishable from the present case. Similarly, the decision in Zhao v. Benihana, No. 01Civ1297, 2001 WL 845000, at *1–2 (S.D.N.Y. May 7, 2001), relied on a stronger factual foundation than present in this case. There, the court conditionally certified claims based on an unlawful tipping pool policy, where the plaintiff's demonstrated personal knowledge and specific observations, coupled with an affidavit and statement from the manager of the restaurant, provided evidence of a "standard and rigid tipping policy." Id. at *2.

To be sure, plaintiff cites several cases from the Southern District of New York, where courts ordered notice based on records more closely analogous to the present case. See Khalil v. The Original Homestead Rest., Inc., 07-CV-695, 2007 WL 7142139, at *1-2 (S.D.N.Y. Aug. 9, 2007) (granting court-ordered notice on the basis of plaintiff's affidavit claiming personal knowledge that potential collective action members were subjected to the same FLSA violations, including tipping policies and payroll practices); Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No. 12 Civ. 265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012) (conditional certification granted where plaintiff's declaration confirmed that coworkers were unlawfully deprived of statutory minimum wage and overtime pay). Neither of these decisions proposes a generalizable rationale that would convince this Court to exercise its broad discretion differently. Such a rationale is also absent in Pefanis v. Westway Diner, No. 08 Civ. 002, 2008 WL 4546526, at *1 (S.D.N.Y. Oct. 8, 2008), which merely held that a

plaintiff's failure to show that putative collective action members are interested in the lawsuit is not a basis for denying conditional certification. Here, whether or not potential opt-in plaintiffs are interested in the suit, plaintiff's motion is deficient in failing to demonstrate that she is *similarly situated* to the employees she seeks to have noticed. In sum, none of the cases cited by plaintiff convinces this Court that granting conditional certification would be a proper exercise of this Court's discretion to facilitate the joinder of additional parties "in an efficient and proper way." Hoffman-Laroche, 493 U.S. at 171.

Plaintiff's challenge to the relevance and credibility of the Good Fortune defendants' cookie-cutter declarations does not compel a different outcome. It is true that the Court need not address any factual disputes raised by these declarations, or the weight, if any, to which these declarations are entitled. See Laroque, 557 F.Supp.2d at 354 (on a motion for conditional certification, the merits of a plaintiff's claims are not at issue, provided the plaintiff has made a colorable claim for relief). However, independent of *defendants*' evidence, plaintiff's submissions fail to satisfy the "minimal burden" of a factual showing that other employees of Good Fortune Supermarket are "similarly situated" to plaintiff. Id. at 352.

Perhaps aware of the inadequate factual support for her motion, plaintiff argues that, as an alternative to denying its motion, the Court should refrain from ruling until presented with additional documentary support. See Pl. Reply at 2, 4–5. Plaintiff blames the Good Fortune defendants for her "lack of documentary support," based on purported delays in responding to discovery requests that were initially due on July 8, 2013. See id. at 3–4. However, given that plaintiff filed her motion for conditional certification on June 24, 2013, the Court

13

concludes that any such delays have no bearing on whether plaintiff satisfied her evidentiary burden.[8]

### III. PLAINTIFF'S DISCOVERY REQUEST FOR EMPLOYEE CONTACT INFORMATION

In tandem with her request for court-facilitated notice, plaintiff seeks an order for the disclosure of the names, titles, compensation rates, and contact information of prospective opt-in plaintiffs. Pl. Mem at 5–6, 13–14; see also Motion for Discovery Compliance (Aug. 28, 2013) at 2, DE #34; Motion for Discovery (Sept. 5, 2013) at 1, DE #38. Upon certification of a collective action under the FLSA, "it is appropriate for a district court to permit the discovery of the names and addresses of employees." Charles v. Nationwide Mut. Ins. Co., Inc., No. 09CV94, 2010 WL 7132173, at *3 (E.D.N.Y. May 27, 2010) (quoting Crawford v. Dothan City Bd. of Educ., 214 F.R.D. 694, 965 (M.D. Ala. 2003)). However, where a party has failed to make a modest factual showing of the existence of similarly situated potential plaintiffs, such discovery is unwarranted.[9] See id. at *4, *6–7; Prizmic, 2006 WL 1662614, at *3 (denying order for disclosure of names and addresses of potential plaintiffs where plaintiff provided insufficient facts for his claim that a class of similarly situated FLSA plaintiffs exists)

---

[8] Because the Court concludes that court-supervised notice is inappropriate at any Good Fortune Supermarket location, the Court does not address the additional arguments advanced by the Good Fortune defendants, for (1) limiting notice in the event the Court were to grant conditional certification and (2) modifying plaintiff's proposed form of notice to potential opt-in plaintiffs. See Def. Mem. at 6–9; Pl. Reply at 6-7.

[9] Similarly, when a party seeks to certify a class under Rule 23, "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification." Dziennik v. Sealift, Inc., No. 05-CV-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006).

(collecting cases). Since plaintiff has failed to demonstrate that conditional certification of her FLSA claim as a collective action is appropriate, the Court denies plaintiff's discovery request.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for conditional certification as a FLSA collective action, pursuant to 29 U.S.C.§ 216(b), and for court-authorized notice, is denied. Plaintiff's discovery request for the names, titles, compensation rates, and contact information of potential opt-in plaintiffs is also denied.

Any objections to the rulings contained in this Memorandum and Order must be filed with the Honorable I. Leo Glasser on or before September 30, 2013. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this Memorandum and Order into the ECF system.

**SO ORDERED.**

**Dated:** Brooklyn, New York
September 12, 2013

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

15