UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JIN YUN ZHENG,

                      **Plaintiff,**                        **MEMORANDUM AND ORDER**

       -against-                                    13-CV-60 (ILG)

**GOOD FORTUNE SUPERMARKET
GROUP (USA), INC., et al.,**

                      **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Jin Yun Zheng ("plaintiff" or "Ms. Zheng") moves to compel production of documents in an action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and New York Labor Law ("NYLL"). She asks that the Court order defendants Good Fortune Supermarket Group (USA) Inc., Good Fortune Supermarket, Inc., and Good Fortune Supermarket of Elmhurst, Inc. (collectively, the "Good Fortune defendants") to produce the following documents:[1]

- Employment records of non-exempt employees, other than plaintiff, at the Good Fortune defendants' supermarkets;

- Documents related to the conveyance of stores from defendant Great Wall Supermarket of NY, Inc. ("Great Wall")[2] to the Good Fortune defendants;

- Documents depicting the shareholding structure of each corporate defendant;

---

[1] For clarity, the Court addresses the document requests in a slightly different sequence than do the parties.

[2] Great Wall, which has been named as a defendant, has not appeared in the case.

- Loans, leases, and credit lines that the Good Fortune defendants established or entered into;

- Leases for real property that the Good Fortune defendants entered into; and

- Emails containing search terms enumerated by plaintiff.

Plaintiff's Motion to Compel (Sept. 5, 2013) ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #38; Plaintiff's First Request for Production of Documents (June 7, 2013) ("Pl. Request"), DE #38-1.

As discussed in a recent Memorandum and Order of this Court, denying plaintiff's motion for conditional certification, see Memorandum and Order (Sept. 12, 2013) ("9/12/13 M&O"), DE #40,[3] plaintiff claims she was deprived of wages based on an unlawful time-shaving policy. See 9/12/13 M&O at 2. Plaintiff alleges that, between December 2007 and July 16, 2012, she earned these unpaid wages as a clerk at a supermarket located at 77-00 Queens Boulevard in Elmhurst (the "Elmhurst Store"), now purportedly operated under the name "Good Fortune Supermarket" by the Good Fortune defendants. See id. The Elmhurst Store is alleged to have operated under the name "Great Wall Supermarket of Elmhurst" until November 2011, when it assumed the name "Good Fortune Supermarket." See id. at 2 n.3.

Plaintiff's disputed discovery requests concern the Elmhurst Store and Good Fortune supermarkets at two other locations: 42-76 Main Street, Flushing, New York (the "Flushing Store"); and 6722 Fort Hamilton Parkway, Brooklyn, New York (the "Brooklyn Store"). See Pl. Motion at 1–3; Memorandum of Law in Support of Plaintiff's Motion for Conditional

---

[3] The Court's prior opinion is incorporated by reference herein.

2

Certification (June 24, 2013) at 6–7, DE #19.  The Good Fortune defendants object to each request identified in plaintiff's discovery motion.  See Defendants' Response in Opposition (Sept. 6, 2013) ("Def. Opp.").[4]

For the reasons stated below, the Court grants plaintiff's motion in part and denies it in part.

## DISCUSSION

### I.   STANDARDS GOVERNING MOTIONS TO COMPEL DISCOVERY

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).  Additionally, the court may, for good cause, "order discovery of any matter relevant to the subject matter involved in the action."  Id.  However, the court must limit discovery where, *inter alia*, "the burden or expense of the proposed discovery outweighs its likely benefit . . . ."  Fed. R. Civ. P. 26(b)(2)(C).

### II.   PLAINTIFF'S DISCOVERY REQUESTS

#### A. Employment Records of Non-Exempt Employees (Request No. 2)

Plaintiff moves to compel production of a broad array of employment records

---

[4] The Good Fortune defendants have submitted a seven-page letter without requesting leave of this Court.  They are hereby reminded that letters to the Court addressing discovery disputes are limited to three pages in length absent court permission.  See E.D.N.Y. Local Civ. R. 37.3(c).

concerning supermarket clerks other than Ms. Zheng, including, but not limited to, paystubs, pay checks, punch-clock records, job applications, and other documents referencing, *inter alia*, their wages, salaries, hours worked, and rate and method of pay. See Pl. Motion at 1; Pl. Request No. 2. According to plaintiff, such records are relevant to plaintiff's class and collective action allegations. See Pl. Motion at 1. Implicitly acknowledging that the Court has not certified this suit as a class or collective action, and citing cases from the Southern District of New York, plaintiff argues that disclosure of employment records of potential class members is appropriate even prior to certification. See Pl. Motion at 1 (citing, e.g., Fei v. WestLB AG, No. 07 Civ. 8785 (HB), 2008 WL 7863592 (S.D.N.Y. Apr. 23, 2008)).

The Good Fortune defendants object to plaintiff's request as overly broad and unduly burdensome, but concede that the Court has discretion to order discovery of employment records concerning employees other than plaintiff. See Def. Opp. at 2–4. However, in denying plaintiff's motion for conditional certification, the Court has already refused to order the production of these employment records, on the ground that plaintiff failed to make even a modest factual showing as to the existence of similarly situated potential plaintiffs. See 9/12/13 M&O at 14-15. In the absence of such a showing, the Court adheres to its prior ruling and declines to order the production of sensitive employment records pertaining to other supermarket clerks.

### B. Documents Relating to the Transfer of Stores Among the Defendants (Request No. 19)

Plaintiff moves to compel the production of documents concerning the transfer, sale, purchase, or acquisition of stores, in the past six years, "among the [d]efendants." See Pl.

Motion at 2; Pl. Request No. 19.  Ms. Zheng alleges, and the Good Fortune defendants deny, that the Good Fortune defendants, as owners of the store where plaintiff worked, are successors in interest to Great Wall.  <u>See</u> Complaint (Jan. 4, 2013) ("Compl.") ¶ 11, DE #1; Good Fortune Defendants' Answer (Apr. 10, 2013) ¶ 8, DE #5; Pl. Motion at 2.  Plaintiff argues that documents related to a transfer of ownership are relevant to her claims because they are likely to contain information tending to show (1) whether the Good Fortune defendants are successors in interest to Great Wall and (2) when and under what terms stores were transferred.  <u>See</u> Motion to Compel (Aug. 28, 2013) ("Pl. First Motion") at 2–3, DE #34.

The Good Fortune defendants respond that they are not in possession of any documents responsive to this demand.  <u>See</u> Def. Opp. at 6.  In particular, they deny that there was any "transfer" or other transaction by which the Elmhurst Store, formerly a Great Wall supermarket, became a Good Fortune supermarket; they refer only in general terms to a reorganization of Great Wall that resulted in the departure of "several [unidentified] shareholders," and a subsequent dissolution of Great Wall.  <u>See</u> <u>id.</u>  According to the Good Fortune defendants, an unidentified "group of people took over the store" and began to operate it as a Good Fortune supermarket.  <u>Id.</u>  Therefore, the defense claims, documents relating to a "transaction" with Great Wall do not exist.  <u>See</u> <u>id.</u>

For two reasons, documents showing how any of the Good Fortune defendants came to operate the Elmhurst Store are relevant to the claims and defenses in this case.  First, whether these defendants are liable for any of Great Wall's wage law violations is an important issue in

5

this case.[5]  Additionally, such documents may help resolve a factual dispute over when the Good Fortune defendants assumed control of the Elmhurst Store.  Compare Compl. ¶ 11 ("November 2011"), with Def. Opp. at 6 ("April 2012").  Therefore, plaintiff is entitled to discover documents concerning the conveyance of the Elmhurst Store to the Good Fortune defendants.  On the other hand, plaintiff is not entitled to analogous discovery concerning the conveyance of the Flushing Store and/or Brooklyn Store, since plaintiff does not purport to have worked at those stores, and she has made an insufficient showing that those stores followed the time-shaving practice that she alleges occurred at the Elmhurst Store.  See generally 9/12/13 M&O at 9–13.

Although plaintiff is thus entitled to documents concerning the transfer of the Elmhurst Store to the Good Fortune defendants, those defendants counter that such documents "do[] not exist and cannot be produced." Def. Opp. at 6.  That assertion is perplexing, inasmuch as the Good Fortune defendants admittedly operated the Elmhurst Store after Great Wall ceased its operation of the supermarket at that location.  Several possible inferences may be drawn from the defense response:  (1) the Good Fortune defendants failed to undertake a diligent search for responsive documents; (2) responsive documents existed at some point in time but no longer exist; or (3) the Good Fortune defendants began operating the Elmhurst Store as a result of a transaction or occurrence that they do not characterize as a transfer or acquisition "among the

---

[5] In some circumstances, a corporation that assumes the assets of an employer accused of wage and hour violations may be liable for those violations. See, e.g., Vasquez v. Ranieri Cheese Corp., No. 07–CV–464 (ENV), 2010 WL 1223606, at *10–15 (E.D.N.Y. Mar. 26, 2010).

[d]efendants." Pl. Request No. 19.

The Good Fortune defendants are directed to file, by October 11, 2013, a sworn statement clarifying why they claim no responsive documents exist. If responsive documents at one time existed, the Good Fortune defendants are directed either to explain why those documents no longer exist or are to undertake a diligent search for (and produce) such documents[6] and describe for the Court the steps taken to locate responsive documents. If responsive documents never existed, the Good Fortune defendants are directed to state that explicitly.

### C. Documents Depicting the Shareholding Structure of Each Corporate Defendant (Request No. 18)

Ms. Zheng additionally seeks the production of ledgers or charts depicting the shareholding structure of each corporate defendant. See Pl. Motion at 1–2; Pl. Request No. 18. Plaintiff argues that she is entitled to these documents insofar as they relate to plaintiff's class allegations. Pl. Motion at 2 (citing Compl. ¶¶ 14, 17). Specifically, she contends that documents depicting the shareholder structure of each defendant entity may demonstrate common ownership, which, in turn, would indicate that the three supermarkets should be treated as a single employer under the FLSA. See id.

The Good Fortune defendants object to Request No. 18 on two grounds. First, they assert that since they do not own the Brooklyn Store, they cannot produce any documents concerning the Brooklyn Store. See Def. Opp. at 4–5. Second, the Good Fortune defendants

---

[6] All disclosures ordered herein may be made subject to a confidentiality stipulation to be submitted to the Court by the parties.

7

argue that disclosure of shareholder lists for any other store is unwarranted unless this Court conditionally certifies plaintiff's FLSA claim as a collective action. See id. at 5.

The Court denies plaintiff's request, for the same reasons that she has not established her entitlement to disclosure of documents relating to other employees (Request No. 2).

### D. Loans, Leases, and Credit Lines (Request No. 21)

Plaintiff also requests production of documents concerning loans, leases, and credit lines that defendants established or entered into. See Pl. Motion at 2; Pl. Request No. 21. Plaintiff argues that she is entitled to these documents because they relate to her class allegations, potentially showing "the extent of certain individuals' involvement in the business operations" and whether the three Good Fortune supermarket locations operate as a single enterprise. Pl. Motion at 2.

In objecting to Request No. 21, the Good Fortune defendants advance the same arguments they articulated in opposition to Request No. 18 (concerning corporate shareholders). The upshot is that, according to the Good Fortune defendants, production of documents concerning loans, leases, and credit lines involving the Good Fortune Supermarket locations is unwarranted where, as here, plaintiff has not demonstrated that employees at the other locations are similarly situated. See Def. Opp. at 4–5.

For the same reasons cited concerning Request Nos. 2 and 18, the Court denies plaintiff's request for production of documents evidencing loans, leases, and credit lines.

### E. Leases in Real Property (Request No. 22)

Ms. Zheng demands production of leases in real property that the Good Fortune

defendants entered into.  See Pl. Motion at 2; Pl. Request No. 22.  As with Request No. 21, Ms. Zheng contends that she is entitled to these documents because they relate to her class allegations, potentially showing "the extent of certain individuals' involvement in the business operations" and whether the Good Fortune supermarket locations operate as a single enterprise.  See Pl. Motion at 2.  Plaintiff also argues that these leases will tend to show when the Good Fortune defendants acquired stores from Great Wall.  See Pl. First Motion at 3.

In objecting to plaintiff's Request No. 22, the Good Fortune defendants once again invoke the same arguments they advanced in objecting to Request Nos. 18 and 21.  See Def. Opp. at 6.

Plaintiff's reliance on her class allegations is unavailing, for the reasons cited in connection with the Court's rulings on Request Nos. 2, 18 and 21.  On the other hand, leases in real property related to the Elmhurst Store are relevant insofar as they may establish when the Good Fortune defendants began operating that store.  Therefore, the Good Fortune defendants are required to disclose leases for the Elmhurst Store, but not for the Flushing Store or Brooklyn Store.

### F.  Emails (Request No. 23)

Finally, Ms. Zheng seeks disclosure of all emails containing any of a set of enumerated search terms.  See Pl. Motion at 3; Pl. Request No. 23.[7]  Plaintiff asserts that the Good

---

[7] Plaintiff's original discovery request also sought text messages.  See Pl. Request No. 23.  As a general matter, text messages within a party's control may be discoverable.  See, e.g., Flagg v. City of Detroit, 252 F.R.D. 346, 352–53 (E.D. Mich. 2008).  However, plaintiff does not now move to compel discovery of text messages, see Pl. Motion at 3, and does not address

(continued…)

Fortune defendants have not conducted a search to determine if any responsive documents exist, and requests that these defendants either produce responsive documents, or provide evidence that the searches were properly conducted. See Pl. Motion at 3.

The Good Fortune defendants' response to this document demand suggests that no such emails exist. See Good Fortune Defendants' Response to Plaintiff's First Request for Production of Documents (July 9, 2013) ¶ 23, DE #38-2. Their letter in opposition vaguely asserts that unspecified "[e]fforts have been made to investigate the applicability [sic] of the subject emails," and that no responsive documents were found because (1) defendants use email sparingly, and (2) their emails are usually written in Chinese. See Def. Opp. at 6. The Good Fortune defendants do not, however, specify whether they actually attempted to perform searches using plaintiff's search terms.

The Good Fortune defendants cannot and do not dispute that the emails sought are relevant to the claims and defenses in this case. Therefore, plaintiff is entitled to such emails if they exist; and is entitled to a diligent search for those emails. If the Good Fortune defendants compose English-language emails as rarely as they contend, conducting plaintiff's requested searches should be minimally burdensome, and the search terms proposed appear reasonably calculated to uncover evidence of the time-shaving practice or policy that plaintiff alleges existed. However, because the Court has determined that conditional certification of this case as a collective action is inappropriate, the Court declines to order a search of documents

---

[7](…continued)
whether any text messages or text messaging devices (such as cell phones) fall within the Good Fortune defendants' control.

containing the names of non-exempt employees other than plaintiff.  See Pl. Request No. 23. With that qualification, the Good Fortune defendants are ordered to search for and disclose email messages responsive to plaintiff's Request No. 23, or to produce a sworn statement indicating that the searches were properly conducted without any responsive documents being uncovered.

### III.  SANCTIONS

Plaintiff first moved to compel document disclosures on August 28, 2013, see Pl. First Motion, and the Court ordered the Good Fortune defendants to show cause why the Court should refrain from granting plaintiff's motion and imposing sanctions, see Endorsed Order (Aug. 29, 2013), DE #35.  Thereafter, the Good Fortune defendants offered an explanation for the alleged deficiencies.  See Good Fortune Defendants' Response to Motion for Discovery Compliance (Aug. 29, 2013), DE #36.  The Court subsequently directed the parties to confer on all discovery disputes and file papers on any remaining issues.  Endorsed Order (Sept. 3, 2013), DE #37.  Plaintiff's September 5th motion to compel followed thereafter.

In that motion, plaintiff does not address the Good Fortune defendants' purported refusal to meet and confer.  See Pl. Motion.  The Good Fortune defendants nonetheless engage this earlier allegation, arguing that they have not refused to meet and confer, see Def. Opp. at 1–2, and that they should not be sanctioned for any deficiencies in their discovery disclosures, see id. at 7.  Because the parties conferred in accordance with the Court's September 3, 2013 Endorsed Order and plaintiff has not moved for sanctions in her September 5th motion to compel, the Court declines to impose sanctions at this time.

11

## CONCLUSION

Plaintiff's motion to compel is granted in limited part, that is, with respect to (1) documents related to the conveyance of the Elmhurst Store to the Good Fortune defendants; (2) documents relating to leases in real property associated with the Elmhurst Store; and (3) email discovery subject to the limitation described on pages 10 and 11 of this opinion.  The Good Fortune defendants must produce the aforesaid documents by October 11, 2013 and must, by that same date, file a sworn statement addressing the issues identified at pages 7 and 10 of this opinion. Plaintiff's motion is denied with respect to the remaining requests for documents. The parties are ordered to submit a confidentiality stipulation covering these disclosures by October 10, 2013.

Any objections to the rulings contained in this Memorandum and Order must be filed with the Honorable I. Leo Glasser on or before October 21, 2013.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this Memorandum and Order into the ECF system.

**SO ORDERED.**

Dated:     Brooklyn, New York
           October 4, 2013

                                                  /s/ *Roanne L. Mann*
                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**